DMJ:BTR
F.#2011R01004
NYNYE562

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★   NOV 09 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ATHANASIOS MICHAELIDES,
   also known as "Sacci,"
HUSSEIM KRAMBACH,
   also known as "Petey,"
MARTIN LOVELY,
GERALD MACHACEK and
VASILIOS MENEGOS,
   also known as "Billy,"

        Defendants.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-639 (S-2)(JFB)
(T. 18, U.S.C., §§
922(g)(1), 924(a)(2),
924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d),
981(a)(1)(C),
982(a)(1), 982(b)(1),
1951(a), 1956,
1956(h), 2314, 2 and
3551 et seq.;
T. 21, U.S.C., §§
841(a)(1), 841(b)(1)(C),
846, 853(a) and 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

    1.  In or about and between April 2008 and April 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," HUSSEIM KRAMBACH, also known as "Petey," MARTIN LOVELY, GERALD MACHACEK and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of illegal narcotics traffickers and

business owners in Kings County, Queens County, Bronx County, Nassau County and Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 <u>et</u> <u>seq</u>.)

COUNT TWO
(Conspiracy to Distribute Controlled Substances)

2.    On or about and between April 1, 2005 and October 26, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing 50 kilograms or more of marijuana, a Schedule I controlled substance, and (b) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 <u>et</u> <u>seq</u>.)

## COUNT THREE
### (Possession of Cocaine with Intent to Distribute)

3.   On or about and between February 4, 2010 and October 26, 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
### (Interstate Transportation of Stolen Property)

4.   On or about and between December 20, 2008 and December 22, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," HUSSEIM KRAMBACH, also known as "Petey," MARTIN LOVELY, GERALD MACHACEK and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally transport, transmit and transfer in interstate commerce goods, wares and merchandise, of a value of $5,000 or more, to wit: clothing worth more than $186,000, knowing the same to have been stolen.

(Title 18, United States Code, Sections 2314, 2 and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Launder Money)

5.     On or about and between April 1, 2008 and October 26, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," MARTIN LOVELY, GERALD MACHACEK and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to conduct financial transactions in and affecting interstate commerce, to wit: the use of money obtained from the sale of controlled substances and robbery proceeds, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and obstruction of commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, with intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT SIX
### (Hobbs Act Robbery)

6.   On or about December 26, 2008, within the Eastern District of New York, the defendants MARTIN LOVELY and GERALD MACHACEK, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Jane Doe No. 1, the owner of a perfume business in Queens County, New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SEVEN
### (Brandishing of a Firearm during Crime of Violence)

7.   On or about December 26, 2008, within the Eastern District of New York, the defendant MARTIN LOVELY, together with others, did knowingly and intentionally use and carry a firearm, to wit: a Lorcin semi-automatic .25 caliber handgun, during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT EIGHT
### (Felon-in-Possession of a Firearm)

8.    In or about and between April 2008 and April 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant MARTIN LOVELY, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Lorcin semi-automatic .25 caliber handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT NINE
### (Hobbs Act Robbery)

9.    On or about January 29, 2009, within the Eastern District of New York, the defendant GERALD MACHACEK, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Jane Doe No. 2, an employee of a physician's office in Queens County, New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TEN
(Use of a Firearm during Crime of Violence)

10.   On or about January 29, 2009, within the Eastern

District of New York, the defendant GERALD MACHACEK did knowingly

and intentionally use and carry a firearm, to wit: a black .38

caliber handgun, during and in relation to a crime of violence,

to wit: the crime charged in Count Nine, and did knowingly and

intentionally possess said firearm in furtherance of such crime

of violence.

(Title 18, United States Code, Sections

924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT ELEVEN
(Felon-in-Possession of a Firearm)

11.   In or about and between April 2008 and April 2010,

both dates being approximate and inclusive, within the Eastern

District of New York, the defendant GERALD MACHACEK, having

previously been convicted in a court of a crime punishable by a

term of imprisonment exceeding one year, did knowingly and

intentionally possess in and affecting commerce a firearm, to

wit: a black .38 caliber handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(1),

924(a)(2) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS
TO COUNTS ONE, FOUR, SIX AND NINE

12.   The United States hereby gives notice to the
defendants charged in Counts One, Four, Six and Nine that, upon
conviction of any such offenses, the government will seek
forfeiture in accordance with Title 18, United States Code,
Section 981(a)(1)(C) and Title 28, United States Code, Section
2461(c), which require any person convicted of such offenses to
forfeit any property constituting or derived from proceeds
obtained directly or indirectly as a result of such offenses.

13.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

(c)   has been placed beyond the jurisdiction of
the court;

(d)   has been substantially diminished in value;
or

(e)   has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), as incorporated by Title 28,
United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p); Title 28, United
States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION AS
TO COUNTS TWO AND THREE

14.   The United States hereby gives notice to the
defendants charged in Counts Two and Three that, upon conviction
of either offense, the government will seek forfeiture in
accordance with Title 21, United States Code, Section 853(a),
which requires any person convicted of such offenses to forfeit
any property constituting, or derived from, proceeds obtained,
directly or indirectly, as a result of such offenses, and any
property used, or intended to be used, in any manner or part, to
commit, or to facilitate the commission of such offenses.

15.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

(c)   has been placed beyond the jurisdiction of
the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT FIVE

16.   The United States hereby gives notice to the defendants charged in Count Five that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property.

17.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SEVEN, EIGHT, TEN AND ELEVEN

18.  The United States hereby gives notice to the defendants charged in Counts Seven, Eight, Ten and Eleven that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g), or 924, or any violation of any criminal law of the United States.

19.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

by: _____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK