FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 27 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ATHANASIOS MICHAELIDES,
    also known as "Saki,"
MARTIN LOVELY,
GERALD MACHACEK and
VASILIOS MENEGOS,
    also known as "Billy,"

        Defendants.

- - - - - - - - - - - - - - - -X

CR-11 0639

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-639 (S-3) (JFB)
(T. 18, U.S.C., §§
894(a)(1) 922(g)(1),
924(a)(2),
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(d), 981(a)(1)(C),
982(a)(1), 982(b)(1),
1951(a), 1956(h), 2314,
2 and 3551 et seq.;
T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(A)(ii),
841(b)(1)(C), 846,
853(a) and 853(p);
T. 28, U.S.C., § 2461(c))

BIANCO, J.

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Hobbs Act Robbery Conspiracy)

    1.    On or about and between April 1, 2008 and April 1,
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ATHANASIOS MICHAELIDES, also known as "Saki," MARTIN LOVELY,
GERALD MACHACEK and VASILIOS MENEGOS, also known as "Billy,"
together with others, did knowingly and intentionally conspire to
obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery, to wit: the robbery of

illegal narcotics traffickers and business owners in Kings County, Queens County, Bronx County, Nassau County and Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute Controlled Substances)

2.    On or about and between April 1, 2005 and October 26, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Saki," and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing 50 kilograms or more of marijuana, a Schedule I controlled substance, and (b) a substance containing five kilograms or more of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
### (Possession of Cocaine with Intent to Distribute)

3.  On or about and between February 4, 2010 and October 5, 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
### (Extortionate Collection of Credit Conspiracy)

4.  On or about and between April 1, 2005 and September 29, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ATHANASIOS MICHAELIDES, also known as "Saki," together with others, knowingly and intentionally conspired to use extortionate means to collect and attempt to collect one or more extensions of credit.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT FIVE
### (Interstate Transportation of Stolen Property)

5.  On or about and between December 20, 2008 and

December 22, 2008, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants ATHANASIOS MICHAELIDES, also known as "Saki," MARTIN
LOVELY, GERALD MACHACEK and VASILIOS MENEGOS, also known as
"Billy," together with others, did knowingly and intentionally
transport, transmit and transfer in interstate commerce goods,
wares and merchandise, of a value of $5,000 or more, to wit:
clothing worth more than $186,000, knowing the same to have been
stolen.

(Title 18, United States Code, Sections 2314, 2 and
3551 et seq.)

COUNT SIX
(Conspiracy to Launder Money)

6.    On or about and between April 1, 2008 and October
26, 2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ATHANASIOS MICHAELIDES, also known as "Saki," MARTIN LOVELY,
GERALD MACHACEK and VASILIOS MENEGOS, also known as "Billy,"
together with others, did knowingly and intentionally conspire to
conduct financial transactions in and affecting interstate
commerce, to wit: the use of money obtained from the sale of
controlled substances and robbery proceeds, which transactions in
fact involved the proceeds of specified unlawful activity, to
wit: narcotics trafficking, in violation of Title 21, United
States Code, Sections 841(a)(1) and 846, and obstruction of

commerce by robbery, in violation of Title 18, United States
Code, Section 1951(a), knowing that the property involved in the
transactions represented the proceeds of some form of unlawful
activity, with intent to promote the carrying on of the specified
unlawful activity, contrary to Title 18, United States Code,
Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### COUNT SEVEN
(Hobbs Act Robbery)

7. On or about December 26, 2008, within the Eastern
District of New York, the defendants MARTIN LOVELY and GERALD
MACHACEK, together with others, did knowingly and intentionally
obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery, to wit: the robbery of
Jane Doe No. 1, the owner of a perfume business in Queens County,
New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT EIGHT
(Brandishing of a Firearm during Crime of Violence)

8. On or about December 26, 2008, within the Eastern
District of New York, the defendants MARTIN LOVELY, GERALD
MACHACEK, together with others, did knowingly and intentionally
use and carry a firearm, to wit: a Lorcin semi-automatic .25

caliber handgun, during and in relation to a crime of violence, to wit: the crimes charged in Counts One and Seven, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT NINE
(Felon-in-Possession of a Firearm)

9.    In or about and between April 2008 and April 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant MARTIN LOVELY, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Lorcin semi-automatic .25 caliber handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT TEN
(Hobbs Act Robbery)

10.    On or about January 29, 2009, within the Eastern District of New York, the defendant GERALD MACHACEK, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Jane Doe No. 2, an

employee of a physician's office in Queens County, New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT ELEVEN
(Use of a Firearm during Crime of Violence)

11. On or about January 29, 2009, within the Eastern District of New York, the defendant GERALD MACHACEK, together with others, did knowingly and intentionally use and carry a firearm, to wit: a black handgun, during and in relation to a crime of violence, to wit: the crimes charged in Counts One and Ten, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

### COUNT TWELVE
(Felon-in-Possession of a Firearm)

12. In or about and between April 2008 and April 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant GERALD MACHACEK, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to

wit: a black handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS
### TO COUNTS ONE, FOUR, FIVE, SEVEN AND TEN

13.   The United States hereby gives notice to the defendants charged in Counts One, Four, Five, Seven and Ten that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

14.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

15. The United States hereby gives notice to the defendants charged in Counts Two and Three that, upon conviction of either offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SIX

17.   The United States hereby gives notice to the defendants charged in Count Six that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property.

18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS EIGHT, NINE, ELEVEN AND TWELVE

19.  The United States hereby gives notice to the defendants charged in Counts Eight, Nine, Eleven and Twelve that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g), or 924, or any violation of any criminal law of the United States.

20.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title
21, United States Code, Section 853(p); Title 28, United States
Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK