

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

JMM:BTR
F.#2011R01004
NYNYE562

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

By ECF and Mail                    January 13, 2014

Sam Braverman, Esq.
Fasulo, Braverman and DiMaggio, LLP
225 Broadway
New York, New York 10007

        Re:  United States v. Alexis Sanchez, et al.
             Criminal Docket No. 11-639 (S-7) (JFB)

Dear Mr. Braverman:

      This letter provides you with discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Please be advised that:

      16(a)(1)(A): No statements were made by the defendant to law enforcement at that time of arrest other than pedigree information. No custodial interrogation took place.

      16(a)(1)(B): The defendant has a prior arrest record, a copy of which was provided at the time of his arrangement attached to the Pre-trial services Report.

Documents and Exhibits

      The documents relating to the New Jersey warehouse burglary and interstate transportation of stolen property as charged in Count Four of the Superseding Indictment (S-7) are enclosed herewith.

      The New York City Police Report relating to the robbery on or about January 19, 2009 as charged in Counts Five and Six of the Superseding Indictment (S-7) is also enclosed, with photographs of the location.

      The New York City Police Department report relating to the robbery of the Doctor's Office in Queens, New York as

charged in Count Seven and Eight of the Superseding Indictment (S-7) is also enclosed with photographs of the location.

In a second CD are photographs of items seized at the residence of co-conspirators Terry Bedell and Timothy Glass in Queens, New York. Multiple guns, ammunition, police badges, handcuffs and masks among other items were recovered. These items will be used in the government's case-in-chief.

A copy of the multiple photo array used to identify the defendant is enclosed. Redacted executed copies and a video of a portion of the Doctor's Office robbery will be provided to you by the next status conference.

Examinations and Tests

Fingerprint examination of the weapons by the FBI provided no identifiable prints of any defendant. The chemicals used for Fingerprint examination of the weapons precluded any subsequent DNA analysis. The FBI found each weapon operable.

Expert Witnesses

At trial, the government intends to call a Drug Enforcement Agent, as an expert relative to the source various controlled substances (i.e. heroin, cocaine and marijuana) and effect on interstate or foreign commerce involved in the possession, distribution or cultivation of such items.

The government would also seek to call as an expert a Federal Bureau of Investigations and/or Bureau of Alcohol, Tobacco and Firearms agent, to testify that each of the weapons or ammunition involved in this case were manufactured outside of New York State and all the weapons were operational.

As we have indicated, since the primary evidence against your defendant consists of testimony of multiple co-conspirators and/or victims - those statements, notes and relevant documents will not be made available until the delivery of 3500 material. That material will be made available shortly before any scheduled trial commences.

The government requests the production of all statements by defense witnesses pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure. In order to avoid any unnecessary delays, we request that copies of these statements be made available to the government at the commencement of trial.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by all the required authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

If you have any further questions, the agents and I are available to meet with you and your client to review the evidence.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
BURTON T. RYAN, JR.
Assistant U. S. Attorney
(631) 715-7853

Enclosures

cc: Clerk of the Court (JFB)
    w/o Enclosures