

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMJ:BTR/CPK

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 18, 2014

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
Federal Plaza
Central Islip, New York 11722

> Re:     United States v. Adam Valasquez and Alexis <u>Sanchez - Criminal</u>
> <u>Docket No. 11-639 (S-8)(JFB)</u>

Dear Judge Bianco:

The Government respectfully submits this letter in support of (1) the government's motion for rejoinder of defendants Adam Valasquez and Alexis Sanchez in the above-referenced prosecution and (2) to request a status conference so that the two defendants may be arraigned on the Superseding Indictment (S-8) which was handed up today.   Last fall, when the only defendants who had not pled were Athanasios Michaelides ("Michaelides") and Adam Valasquez ("Valasquez"), the government consented to a severance of Adam Velasquez's case from Michelides for trial.   The basis for the government's consent to a severance of Valasquez from Michelides was that, at that time, the government knew of Michaelides intention to plead guilty.   Subsequently, on October 22, 2013, a Superseding Indictment (S-7) was returned and the defendants charged were Michaelides, Valasquez and Alexis Sanchez ("Sanchez"). That indictment was unsealed as to defendants Michelides and Valasquez on November 19, 2013.   On January 10, 2014, defendant Sanchez was arrested in Puerto Rico and the Superseding Indictment (S-7) was unsealed in its entirety.   Shortly thereafter, Michaelides pled guilty.

At a status conference on January 31, 2014, due to Michaelides' plea, defendants Valasquez and Sanchez were the only defendants remaining in the case under the Superseding Indictment (S-7). At that status conference, the government consented to a severance of the trial of defendant Adam Valasquez from defendant Alexis Sanchez and the trial of Adam Valasquez was scheduled for April 21, 2014.   Due to the government's consent, the court did not hear argument regarding the severance of Valasquez from Sanchez.

Since that status conference, the government has been engaged in trial preparation for the trial of Adam Valasquez scheduled for April 21, 2014. Based on what the government has learned in trial preparation and, based on the factors set forth below, the government moves for rejoinder of defendants Valasquez and Sanchez for a joint trial. The government is ready to proceed with a joint trial on April 21, 2014.

By the filing of this motion for rejoinder and a joint trial, the government does not seek any adjournment of the dates set for the production of 3500 material on March 24, 2014, the filing of a 404b motion on March 24, 2014 or the photo array hearing on April 7, 2014. In fact, as set forth above, the government does not seek an adjournment of the April 21, 2014 trial, only that it be a joint trial.

The Superseding Indictment (S-8), in addition to containing the charges against Valasquez and Sanchez under the prior Superseding Indictment (S-7), charges both defendants Valasquez and Sanchez with a drug trafficking conspiracy arising, in part, out of their trafficking in the illegal drugs stolen from homes during their home invasion conspiracy. In addition, the firearm charge relating to the January 29, 2009 robbery, has been changed from a possession charge against Adam Valasquez only (S-7, Count Eight) to a brandishing charge against both defendants (S-8, Count Six).

A. History of Defendants' Role in the Charged Crimes

Defendants Valasquez and Sanchez have been closely linked throughout the crimes, including the three conspiracies, charged in the Superseding Indictment (S-8). Valasquez and Sanchez were brought into the Hobbs Act Conspiracy by the same person at the same time. They were introduced to co-conspirators by the same person at the same time. During the charged crimes, they acted together and committed a series of crimes together, both charged crimes and uncharged crimes. In preparation for the Valasquez trial, it has become apparent to the government that trying defendant Valasquez alone will lead to a duplication of effort, a waste of government resources and be a needless burden on the court. The eight count superseding indictment (S-8) charges both defendants with all counts including three conspiracies. If the defendants are tried separately, the government will need to call the same witnesses to give the same evidence about the same crimes before a different jury. Such an occurrence would not be in the interests of justice.

B. Intertwined and Overlapping Testimony Supports a Joint Trial

It is critically important that a joint trial be held because during trial preparation, the government has learned that much of the testimony is overlapping as to Valasquez and Sanchez and it can't be separated. In addition, as to testimony regarding what actions either defendant took during a crime, that often includes clarifying identification testimony of one defendant in comparison to the other. The witnesses knew Valasquez and Sanchez as a team and often describe them as they relate to each other. Oftentimes in the conspiracies, participants were not always known by name to each other and reference to physical characteristics was the identifying reference. That is, as to whether defendant Sanchez or Valasquez assaulted a victim of one of their home invasions

by stomping on his head, the witnesses who knew them as a team, might say "the taller one" or "the one with darker skin" took such action.   In sum, the testimony as to the crimes charged overlaps both defendants.   Further, Valasquez and Sanchez are often described in relation to each other's physical characteristics. Such testimony will be of little meaning unless both defendants are on trial and able to be seen by the jury. As set forth in more detail below, there is no spillover prejudice from a joint trial because the evidence as to one is linked to the evidence as to the other because they were joint actors, co-conspirators, in the same criminal conduct. Much of the evidence of defendants' criminality can not be separated.   The defendants worked closely together in their criminal conduct.

### C.  The Law Strongly Favors a Joint Trial

Joint trials conserve prosecutorial resources, diminish inconvenience to witnesses and avoid delays to the administration of criminal justice.   Under Rule 14(a) of the Federal Rules of Criminal Procedure, a court may sever the trials of two defendants in an indictment if the joinder appears to prejudice a defendant or the government. However, the law recognizes that "joint trials play a vital role in the criminal justice system."   Richardson v. Marsh, 481 U.S. 200, 209 (1987).   Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants where, as here, they participated in the same series of acts constituting an offense.   In fact, even a non-frivolous conspiracy charge is sufficient to support joinder of defendants.   United States v. Nerlinger, 862 F.2d 967 (2d Cir. 1988)("the established rule is that a non-frivolous conspiracy charge is sufficient to support joinder of defendants under Rule 8b").    Here, there is no prejudice to either defendant by joinder because, as mentioned above, there is no spillover effect here where defendants engaged in the same criminal activity together.   As to the defendants, there is no prejudice, in fact, no likelihood of prejudice much less the required "clear likelihood of prejudice" to warrant a severance.   Zafiro v. United States, 506 U.S. 534, 537 (1991)("it is well settled that defendants are not entitled to separate trials merely because they may have a better chance of acquittal in separate trials" Id. at 540)

It is well settled that there is a strong preference for joint trials of defendants who are indicted together, particularly in conspiracy cases such as this prosecution.   U.S. v. Hidalgo, 385 Fed.Appx. 372 (5th Cir. 2010).   The rule is that persons indicted together should be tried together.   The goal of judicial economy supports a joint trial as judicial economy calls for trying co-conspirators together. U.S. v. Eversole, 783 F.Supp.2d 972 (S.D. Texas   2011)(after a hung jury, government moved for rejoinder of severed defendant for second trial and the court found that a joint trial was appropriate).

Indeed, severance of jointly charged defendants is only proper if there is a serious risk that a joint trial would compromise specific trial rights of a defendant or prevent the jury from making a reliable judgment about guilt or innocence. Here, the opposite is true.   There is no trial right of either defendant that will be jeopardized by a joint trial.   Even if one of the defendants seeks an adjournment of the April 21, 2014 trial date, there is no speedy trial issue presented as, among other bases, at least one of the defendants indicted together will be consenting. 18 U.S.C. Section 3161(h)(6), (h)(7)(A).

The court has not yet heard argument on the severance issue under the Superseding Indictment (S-8) or, indeed, under any prior indictment. For a severance, a defendant must show that the prejudice from a joint trial is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." U.S. v. Walker, 142 F.3d 103 (2d Cir. 1998)(describing this showing as a heavy burden). Most important, trying codefendants together not only conserves scarce time and resources, but also "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." U.S. v. Hively 437 F.3d 752, 765 (8th Cir. 2006). This is particularly true in this case where the intertwined and overlapping testimony would make denial of a joint trial severely prejudicial to the government. The interests of justice are best served here by a joint trial, by those trial procedures that give the jury the best perspective on all the evidence and increases the likelihood of a correct outcome.

D. <u>Denial of a Joint Trial Would Severely Prejudice the Government</u>

In contrast to the defendants who will suffer no prejudice from a joint trial, denial of a joint trial would severely prejudice the government. As discussed above, the prejudice includes not only the duplication of effort required for two trials, the waste of scarce government resources, the needless burden on the court and a second jury but also the loss of meaningful, relevant intertwined evidence that will not be understandable unless the defendants are tried together. Most important, as discussed above, denial of a joint trial would preclude the government from giving "the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."

Accordingly, the government moves for a rejoinder of the two defendants under Superseding Indictment (S-8)in this prosecution for all purposes including trial.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/ *Charles P. Kelly*
Charles P. Kelly
Burton T. Ryan
Assistant U.S. Attorneys
(631) 715-7866

Cc: Edward Jenks, Esq.
    Attorney for Adam Valasquez
    Samuel Braverman, Esq.
    Attorney for Alexis Sanchez