# EDWARD P. JENKS
Attorney at Law
332 Willis Avenue
Mineola, NY 11501
Tel: (516) 741-2920
Fax: (516) 747-3186
jenksesq@aol.com

———

March 24, 2014

**VIA ELECTRONIC CASE FILING**
Hon. Joseph F. Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

<u>**Re: United States v. Adam Valasquez, Docket No. 11-CR-639 (S-8) (JFB)**</u>

Your Honor:

    I respectfully write, on behalf of defendant Adam Valasquez, to oppose the Government's eleventh-hour application to rejoin his case with that of Alexis Sanchez. Defendant submits that the Government, having twice consented to separate trials, has not shown any change in circumstances that would warrant reconsideration of this Court's prior severance order.

    As the Court will recall, Mr. Valasquez moved for omnibus relief, including severance, in June 2013. The Government filed opposition papers on July 31, 2013 that did not oppose the request for separate trials. This Court duly ordered that defendant be tried alone.

    In January 2014, Alexis Sanchez was arrested in Puerto Rico and arraigned before this Court. At that time, the undersigned inquired as to whether the Government's position regarding separate trials had changed. The Government *again* consented to the previously-ordered severance.

    Mr. Valasquez now has a firm trial date of April 21, 2014. He has served 14 months of pretrial incarceration, maintains his innocence, and is very concerned with obtaining a speedy trial in this Court.

Now, by letter application dated March 18, 2014, the Government seeks to re-join Mr. Valasquez' case with that of Mr. Sanchez and hold a joint trial. Defendant opposes this application.

At the outset, defendant would be prejudiced if the trials are re-joined, because upon information and belief, Mr. Sanchez' counsel will not be ready for a joint trial on April 21. The undersigned has learned that, at a recent meeting between Mr. Sanchez' attorney Samuel M. Braverman and the Government, Mr. Braverman was asked whether he could try the case on that date. He replied that he could not do so because he had three murder trials in the Bronx in April.

Furthermore, Mr. Sanchez' case is at a much earlier point in the proceedings than Mr. Valasquez' case. A review of the PACER docket indicates that Mr. Sanchez has not yet filed any motions, and there is no indication that discovery has been completed. It appears that considerable litigation may still be necessary before Mr. Sanchez' case is in a trial-ready posture.

Thus, a re-joinder at this late date would not result in a joint trial on April 21; instead, it would result in months of further delay for a defendant who has already waited 14 months in pretrial incarceration. Indeed, it appears that the request for re-joinder may be a tactical move by the Government to delay the start of Mr. Valasquez' trial and thus obtain relief that it would be unlikely to get via a direct request for adjournment.

Justice delayed to Mr. Valasquez at this point would be justice denied; therefore, this Court should adhere to the firm April 21, 2014 trial date and direct that his separate trial begin then. See, e.g., United States v. Burgess, 2009 WL 2843357, *3 (E.D. Okla. 2009) ("a motion for severance will adequately focus attention upon and allow the district court to relieve unfairness created by a delay in favor of a joint trial").

Defendant further submits that the Government's arguments in favor of joinder are without merit. The Government does not come to its application with a clean slate. Instead, as discussed above, it has twice consented to severance. Research does not reveal a case in which the Government has sought re-joinder after previously consenting to severance; however, the Government's application fits comfortably within the paradigm of motions for reargument or reconsideration.

Local Criminal Rule 49.1(c) sets strict limits on such motions: "A motion for reconsideration or reargument of a Court order determining a motion must be filed and served within fourteen (14) days after the Court's determination of the original motion [and must be accompanied by a] memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." See United States v. Wilson, 920 F. Supp. 2d 287, 292-93 (E.D.N.Y. 2012).

In this case, the Government's application is made far more than 14 days after the severance was ordered, and does not set forth any authorities that this Court "overlooked;" indeed, this Court cannot possibly have overlooked any controlling decisions because the

Government never cited any such decisions to it in the first place.[1] Whatever merit or lack thereof the Government's arguments might have if it were seeking joinder in the first instance, they do not satisfy "the stringent standards set forth in this Circuit for motions for reconsideration." See Wilson, 920 F. Supp. 2d at 292.

Nor have there been any changes in the facts which would warrant reconsideration. The Government states that it "has learned that much of the testimony is overlapping as to Valasquez and Sanchez and it can't be separated." It is very careful not to say *when* it "learned" of this. And wisely so, because it is implausible in the extreme that the Government "learned" of this only recently.

The Government's case against Mr. Valasquez has depended from the beginning on cooperating witnesses. Surely the Government interviewed these witnesses prior to seeking an indictment against Mr. Valasquez, and was thus well aware of this alleged interlocking testimony when it consented to severance and when it renewed its consent. This is not a new circumstance that would warrant this Court changing the established order of trials.

Moreover, to the extent that the Government contends that "Valasquez and Sanchez are often described in relation to each other's physical characteristics" by the cooperators, any problem could easily be resolved by admitting a photograph of Mr. Sanchez into evidence at Mr. Valasquez' separate trial. It is simply not true that "[s]uch testimony will be of little meaning unless both defendants are on trial and able to be seen by the jury" when the defendants' respective physical characteristics can be exhibited to the jury through photographs. And, again, this is something known to the Government all along and thus nothing that would warrant an eleventh-hour reargument of this Court's prior order.

Accordingly, this Court should deny the Government's motion in its entirety and proceed with Mr. Valasquez' separate trial on April 21, 2014. The Court's consideration in this matter is appreciated.

Respectfully submitted,

/s/

Edward P. Jenks

cc: Burton Ryan, Esq. (Via ECF)

---

[1] The Government appears to believe that its failure to respond to defendant's original severance motion is a *mitigating* factor which permits it to now make arguments on a clean slate. Rule 49.1(c) makes clear that this is not so. The Government is not entitled to simply ignore its default on the prior motion and make arguments as if nothing has happened.