# Law Office of
# Gail Laser

Tel. 917-847-1695
Email – glaser@laser-law.com

February 22, 2016

**BY EMAIL**
Burton Ryan
Assistant United States Attorney
610 Federal Plaza
Central Islip, New York 11722-4454

Re: *United States v. Adam Velazquez*
Case No. 11-639 (JFB)

Dear Burt:

I write concerning the anticipated witnesses for the evidentiary hearing relevant to Mr. Velazquez' Motion for a New Trial. I have given you notice that I intend to call Detective Ed Holmes, and you graciously agreed to accept service of his subpoena. You have also indicated, by letter dated February 19, 2016, that Detective Holmes has his own medical issues which "preclude any participation in preparation or attendance at the hearing at this time." Please provide more detail regarding this statement, including Detective Holmes' medical issues, and what delay is expected due to his "medical condition."

In addition, your letter stated that "the *Touhy* regulations require that, with the subpoena, you provide a written summary of the proposed testimony sought." To begin, I do not object to providing you with the following as to the testimony that I will be seeking from the Detective: specifically, details regarding the various procedures used at the identifications conducted with each of the informant witnesses, including note-taking and reports.[1]

To the extent that your letter otherwise may suggest that DOJ's *Touhy* regulations may in some way inhibit the defense's ability to call Detective Holmes, I disagree. As you know, *Touhy* regulations primarily apply in civil cases to provide a procedure for the government to consider and assert privileges protecting certain information from disclosure. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-68 (1951)(declining to consider applicability of regulation to "a refusal to produce in a prosecution by the United States"). In a federal criminal action such as this, however, those privileges "must yield before the rights to which an accused is constitutionally entitled," *United*

---

[1] This "summary" should in no way preclude me from including other lines of questions for the Detective, which I will do my best to preview with you before he takes the stand. Certainly, my request to interview the Detective in advance of the hearing would assist you in learning in more detail my anticipated questions.

*States v. Valenzuela-Bernal*, 458 U.S. 858, 882 (1982), including the right to present a defense and to due process. *See also United States v. Reynolds*, 345 U.S. 1, 12, 73 S. Ct. 528, 534, 97 L. Ed. 727 (1953) ("since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense").

Here, the defense has summarized the highly relevant area of questioning to which it will submit the Detective – who was the lead investigator in the case against Mr. Velazquez. As such, there is no basis for the government to assert a privilege and prevent the defense from calling government employees such as the case agent to testify on that highly relevant topic.

Please let us know as soon as possible whether the government will be asserting any privilege with respect to Detective Holme's testimony so that we may address the issue with the Court if necessary at the hearing on Thursday.

I look forward to discussing a time for interviewing Det. Holmes.

Very truly yours,

/s/
Gail E. Laser