

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BTR:CPK
F. #2011R01004

*610 Federal Plaza*
*Central Islip, New York 11722*

September 29, 2016

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
1040 Federal Plaza
Central Islip, New York 11722

> Re: United States v. Adam Velazquez
> Criminal Docket No. 11-639 (S-8)(JFB)

Dear Judge Bianco:

The Government respectfully submits this letter in reply to defendant's September 15, 2016 letter ("Def. Ltr.") filed in opposition to the government's Rule 404(b) motion letter dated July 18, 2016.

### A. Collateral Estoppel is Not a Basis to Exclude the 404(b) Evidence

Insofar as defendant argues that the doctrine of collateral estoppel bars evidence of acquitted conduct, that is simply wrong. As the government argued in its September 15, 2016 letter ("Coll. Estop. Ltr.") which opposed the use of collateral estoppel on this retrial of five counts of conviction, there cannot be double jeopardy where the original jeopardy is continuing. The retrial is the continuation of the original jeopardy. In its letter, the government referenced a variety of cases including the Citron case (Coll. Estop. Ltr. at 8-9). As the Second Circuit held in U.S. v. Citron, 853 F.2d 1055 (2d Cir. 1988) in contrasting a verdict of acquittal on one count and a hung jury on another count with, as happened here, a verdict of acquittal on one count and a conviction on other counts, "an acquittal accompanied by a conviction on the count sought to be retried does not have a similar preclusive effect; the conviction casts doubt on whatever factual findings might otherwise be inferred from the related acquittal." Citron at 1059. Harary v. Blumenthal, 555 F.2d 1113 (2d Cir. 1977). In light of the verdict at the first trial, defendant cannot carry his burden to establish that the issues he seeks to preclude, identification evidence and other testimony by Glass and other co-conspirators, was necessarily decided at the first trial. U.S. v. Cala, 521 F.2d 605, 608 (2d Cir. 1975). Based on this and all the arguments in the Coll. Estop. Ltr., which won't be repeated here, the proposed 404(b) evidence is not barred by collateral estoppel.

B.     The 404(b) Evidence Meets the Huddleston Test

Defendant argues that Glass's testimony is irrelevant under Huddleston v. U.S., 485 U.S. 681 (1988), where the court stated that: "evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." (Def. Ltr. at 8). This argument is based on defendant's continuing speculation that the jury rejected his identification testimony at the first trial. Defendant's assertion that a jury "could not reasonably conclude that the defendant was the fellow actor", (Def. Ltr. at 3), is meritless as the first jury concluded just that in convicting defendant of five felonies. This Court has already found Timothy Glass's testimony to be relevant in the first trial and there is no basis to find otherwise for the retrial.

Defendant objects to the Stravello evidence, in part, because he claims that the government "grossly exaggerates the relevance and probative value" of Stravello's statements. (Def. Ltr. at 5). However, the August 19, 2013 notes and the government's letter motion of July 18, 2016 indicate that Stravello would testify that he knew the defendant for many years, bought marijuana from him, observed that defendant possessed a handgun, and was solicited by the defendant to identify marijuana dealers' homes to invade and rob. In addition, defendant specifically offered his brother, a New York City Police Officer, to assist and to seize drugs for re-sale.

Defendant claims that, under United States v. Kornegay, 641 F.Appx. 79 (2d Cir. 2016), the Stravello evidence is not admissible as it is simply hearsay and innuendo. (Def. Ltr. at 9). However, this is not true. This is not hearsay evidence but first hand observations of the defendant and statements made by the defendant himself. As discussed above, Stravello was told by the defendant that the defendant "set up home invasions for his brother and the brother's partners." That constitutes setting up home invasions that will use a show of police authority because defendant's brother is a police officer. Defendant also told Stravello that he committed home invasions of local marijuana guys, precisely what the 152nd Street robbery that defendant was convicted of at the first trial involved. Defendant's modus operandi is to commit armed home invasions of marijuana dealers so that he, as a drug dealer, can obtain a free supply of drugs for re-sale.

In opposing this 404(b) evidence, defendant argues that United States v. Bradley, 5 F.3d 1317 ("Bradley") is "particularly instructive." Def. Ltr. at 7. Bradley involved the admissibility of evidence of defendant's involvement in a homicide "successfully executed in cold blood" at a trial in which he was charged with a failed homicide conspiracy. The prejudice under Rule 403 is readily apparent and the Circuit Court described it as of a "highly prejudicial nature." In addition, the account of the crime in Bradley was too vague and the witness had no first-hand knowledge or connection to certain defendants. In sharp contrast, the proffered evidence here deals with the very activity that defendant is charged with, home invasion robberies of drug dealers under color of authority. That is defendant's modus operandi.

2

Unlike the witness in Bradley, Stravello also was engaged in illegal conduct with the defendant as a buyer for illegal drugs from the defendant who was a well-known drug dealer. The 404(b) evidence of Stravello is directly on point.

While the government agrees that the strength of the evidence establishing the similar act is a factor to consider in the Rule 403 balancing test (See fn. 6 in Huddleston decision [485 U.S. 681]), here, the evidence is either first hand observation by a co-conspirator in the home invasion and other crimes or, in Stravello's case, statements made by the defendant himself. Accordingly, defendant's claim that the government seeks to admit the Stravello evidence "through hearsay and innuendo" (Def. Ltr. at 9) is untrue and that is why defendant's argument that Kornegay does not support the admission of the proposed 404(b) evidence is wrong.

The Court should find that the 404(b) evidence is admissible as direct evidence of the charged offenses, background evidence of the charged offenses, and/or as "other crimes of acts" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The retrial will include the trial of the five counts of conviction from the first trial on (i) Hobbs Act Robbery Conspiracy from April 2008 to April 2010, (ii) Hobbs Act Robbery on January 19, 2009, (iii) Brandishing of a Firearm During Crime of Violence on January 19, 2009, (iv) Conspiracy to Distribute Controlled Substances between April 2008 and April 2010 and (v) Conspiracy to Launder Money April 2008 to April 2010.

As to the cell phone data, the government rests on its prior submission except to state that defendant has failed to demonstrate or even state that he has the evidence necessary to show the necessary triangulation as discussed at length in the government's earlier letter.

Conclusion

For the foregoing reasons, the government respectfully requests that the Court admit the proffered evidence as direct evidence of the charged offenses, background evidence of the charged offenses, and/or as "other crimes or acts" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: */s/ Charles P. Kelly*
Charles P. Kelly
Burton T. Ryan
Assistant U.S. Attorneys
(631) 715-7866/7853

3

cc:     Gail Laser, Esq.
        Attorney for Adam Valasquez